*ECF DOCUMENT*
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.
Date Filed: 4/6/2022    Paige A. Wymore-Wynn, Clerk
By: M. Warren    Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: AHERN RENTALS, INC.,
TRADE SECRET LITIGATION                                MDL No. 2945

**TRANSFER ORDER**

**Before the Panel:** Defendants[1] move under Panel Rule 7.1 to vacate our order that conditionally transferred the action listed on Schedule A (*EquipmentShare*) to MDL No. 2945. Plaintiff Equipmentshare.com, Inc. (EquipmentShare) opposes the motion to vacate.

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously included in MDL No. 2945, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The originally centralized MDL No. 2945 actions involve factual questions arising out of allegations of a nationwide scheme by common defendant EquipmentShare to capture market share in the equipment rental business from common plaintiff, Ahern, "by (1) luring away its employees and customers, and (2) using Ahern's confidential and proprietary information and trade secrets." *In re Ahern Rentals, Inc., Trade Secret Litig.*, 481 F. Supp.3d 1355, 1356 (J.P.M.L. 2020).

When we centralized this litigation in the Western District of Missouri, we noted that a related action (*Rosencranse*) was pending in that district. *Id*. at 1356-57, n.4. *Rosencranse* and another action subsequently transferred by the Panel (*Vigil*) are brought by EquipmentShare against Ahern and various Ahern employees. In both actions, EquipmentShare alleges that Ahern has engaged in a "serial litigation scheme" to harass EquipmentShare, and through this scheme and other conduct has attempted to disrupt EquipmentShare's relationships with investors, employees, and customers. *See, e.g., Rosencranse* First Am. Compl. at ¶¶ 4, 80, 82, 83-86; *Vigil* Compl. at ¶ 4. Similarly, in the action now before us, EquipmentShare alleges that the Ahern defendants, *inter alia*, (1) tried to manufacture grounds for further litigation against EquipmentShare by directing Ahern employees to entice EquipmentShare to offer them employment; and (2) used threats and misrepresentations to disrupt EquipmentShare's relationships with current and prospective customers. *See EquipmentShare* Compl. at ¶ 14-16; 33-36; 38.

Defendants argue that *Rosencranse* and *Vigil* are "outliers" because, unlike the originally centralized actions, they are not brought by Ahern. This argument fails to acknowledge that

---

[1] Ahern Rentals, Inc. (Ahern), and Don F. Ahern.

- 2 -

*Rosencranse* has been part of the MDL since its inception. Defendants also argue that *Rosencranse* and *Vigil* involve high-level employees and national vendors, while *EquipmentShare* involves parties and conduct local to Las Vegas, Nevada. But EquipmentShare also alleges defendants' conduct is part of a larger "pattern of threats, intimidation, subterfuge, and other improper conduct intended to harm EquipmentShare." *EquipmentShare* Compl. at ¶ 1. *See also id*. at ¶¶ 17-18 (likening the *EquipmentShare* allegations to those made in *Rosencranse* and *Vigil*). Furthermore, Las Vegas is the location of Ahern's headquarters, and *EquipmentShare* does not involve only low-level employees—defendant Mr. Ahern is the company's CEO.

Defendants also argue that Mr. Ahern is not named as a defendant in any other action, but EquipmentShare alleges in MDL No. 2945 that he was a participant in the scheme nationwide. *See, e.g., Rosencranse* First Am. Compl. at ¶¶ 48, 67; *EquipmentShare* Compl. ¶¶ 17-18. While defendants concede that discovery from Mr. Ahern may overlap in *EquipmentShare* and MDL No. 2945, they argue that this overlapping discovery can be informally coordinated. In granting centralization, the Panel recognized that discovery already had been contentious. *See In re Ahern*, 481 F. Supp. 3d at 1356. And since then, according to EquipmentShare, the parties have been reluctant to informally coordinate as to related litigation outside the MDL. We therefore find it is likely more efficient for these claims involving common parties to proceed together.

Finally, defendants argue that transfer will be inefficient and cause delay because *EquipmentShare* is in its nascent stages, while pretrial proceedings are nearly complete in MDL No. 2945. Discovery has not concluded in the MDL and, according to EquipmentShare, Mr. Ahern has not yet been deposed. There seems to be ample time for the parties to realize the benefits of coordinated discovery and pretrial proceedings. Moreover, transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if it might cause inconvenience or delay to some parties. *See, e.g., In re Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Ultimately, we find that the transferee judge is in the best position to determine whether the allegations, claims, and procedural posture of this action suggest it would benefit from inclusion in centralized proceedings. Therefore, if the transferee judge determines after close scrutiny that remand of this action or any claims or counterclaims in this or any other action is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Beth Phillips for inclusion in the coordinated or consolidated pretrial proceedings.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Dale A. Kimball |
| Roger T. Benitez | Madeline Cox Arleo |

Case 2:21-cv-01629-JAD-VCF Document 24 Filed 04/06/22 Page 3 of 4
Case MDL No. 1629 Document 61 Filed 04/06/22 Page 3 of 4

**IN RE: AHERN RENTALS, INC.,**
**TRADE SECRET LITIGATION**                                MDL No. 2945

## SCHEDULE A

<u>District of Nevada</u>

EQUIPMENTSHARE.COM, INC. v. AHERN RENTALS INC., ET AL., C.A. No. 2:21−01916